UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

    Plaintiff,

v.                                          Case no. 8:22-cv-00956-CEH-SPF

DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

### ORDER

This matter comes before the Court upon Plaintiff's Response to Defendant's Motion for Extension of Time to Respond to Freedom of Information Act Complaint (Doc. 13), which the Court construes as a motion to strike its previous order (Doc. 12), and a motion for disqualification.

Plaintiff complains that the Court granted Defendant a 30-day extension of time to answer or otherwise respond to the Complaint without waiting on Plaintiff's written response to the motion. This Court, however, was not required to wait for a response prior to granting a reasonable extension of time. *See, e.g. Caldwell v. United States*, No. CR 08-10029-JDB, 2014 WL 1415137, at *5 (W.D. Tenn. Apr. 14, 2014) ("Court routinely grants reasonable extensions of time without waiting for a response from the opposing party."). District courts have "unquestionable" authority to control their own dockets. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quoting *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir.1971)). This authority includes the broad discretion over the management of pre-trial activities, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Georgia*, 263

F.3d 1234, 1269 (11th Cir. 2001); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir.1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them"). "This Court (as do most courts) routinely grants reasonable extensions of time for both sides of disputes." *Gillins v. Sec'y, Dep't of Corr.*, No. 8:11-CV-171-T-30MAP, 2011 WL 5975409, at *2 (M.D. Fla. Nov. 28, 2011); *Vorsteg v. United States*, No. 11-61160-CIV, 2011 WL 5169353, at *2 (S.D. Fla. Nov. 1, 2011) (same); *see Ong v. Superior Ct. of Hudson Cnty.*, No. CV1606777KMJBC, 2017 WL 11471582, at *1 (D.N.J. June 6, 2017) ("The Court routinely grants reasonable extensions of time to answer, and will not depart from its usual practice.").

Nonetheless, the Court has now considered Plaintiff's response and, after reconsideration, affirms its prior ruling. Defendant has established good cause for an "additional 30 days to re-evaluate the asserted FOIA exemptions and discern whether documents can be produced to [Plaintiff], thereby potentially rendering this FOIA action moot." (Doc. 11).

Plaintiff also requests that the undersigned "disqualif[y] himself from this case immediately due to his friendship with his former boss."[1] (Doc. 13). A "magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Congress required that a judge's impartiality must "reasonably be questioned" in order for the judge to recuse, because "there is the need to prevent parties from ... manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Carter v. W. Pub. Co.*, No. 99-11959-EE, 1999 WL 994997, at *2

---

[1] Nearly four years ago, counsel for Defendant was the undersigned's immediate supervisor at the United States Attorney's Office.

(11th Cir. Nov. 1, 1999) (quoting *FDIC v. Sweeney* 136 F.3d 216, 220 (1st Cir.1998)).

It is well-settled that a judge who previously served as a government attorney need not recuse from future cases just because the judge's former colleagues are counsel in the case. *See Wall v. Centers for Disease Control & Prevention*, No. 6:21-cv-975-PGB-DCI, 2021 WL 3887576, at *4 (M.D. Fla. July 21, 2021). Moreover, judges are often required to rule against attorneys they respect or with whom they have a friendly relationship. *See, e.g. United States v. O'Brien*, No. CRIM. 12-40026-FDS, 2014 WL 535663, at *3 (D. Mass. Feb. 6, 2014) ("My work as a judge requires me, on a nearly daily basis, to 'reject' the arguments of lawyers whom I admire and respect, and with whom I have friendly relationships."). As the Seventh Circuit has explained:

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges. Many well-qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases. Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.

*United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985); *see Carter*, 1999 WL 994997, at *6 ("What a strange creature plaintiffs seek to create—a lifeless, friendless thing, entirely detached from the ordinary circumstances of everyday life, hermited away on some mountaintop where he can be certain that no person could possibly influence his juridical scribblings.").

The two-part test for whether a judge should disqualify himself because of a relationship with a lawyer is whether "the judge feels capable of disregarding the relationship and whether others can reasonably be expected to believe that the relationship is disregarded."

*United States v. Mendoza*, 468 F.3d 1256, 1263 (10th Cir. 2006) (quoting *Murphy*, 768 F.2d at 1537). Both parts of the test are satisfied here. Under the circumstances, disqualification is not warranted.

Accordingly, upon due consideration, it is hereby

**ORDERED**:

Plaintiff's Response to Defendant's Motion for Extension of Time to Respond to Freedom of Information Act Complaint (Doc. 13), construed as a motion, is **DENIED**.

**ORDERED** in Tampa, Florida, this 8th day of June 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE