UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON EUGENE HOOKER, JR.,

    Plaintiff,

v.                                                  Case No: 8:22-cv-956-CEH-MRM

DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff's Second Motion for Court Order Demanding Release of Improperly Withheld Records Not Under FOIA Exemption 7(A) (Doc. 22), filed on July 23, 2022. In the motion, Plaintiff requests a Court order directing the Defendant Department of Veterans Affairs ("VA") to turn over 14 documents totaling 35 pages, four surveillance videos, and eleven audio recordings which he claims do not fall under Freedom of Information Act ("FOIA") Exemption 7(A).

On July 26, 2022, Plaintiff supplemented his motion with his certification of conferral with counsel for the VA. Doc. 23. Plaintiff states that the VA does not oppose his motion. *Id.* He attaches to his filing an email exchange in which defense counsel states that the VA is making a production of records which should moot his motion. The Court, having considered the motion and being fully advised in the premises, will

deny as moot Plaintiff's Second Motion for Court Order Demanding Release of Improperly Withheld Records Not Under FOIA Exemption 7(A).

## DISCUSION

Plaintiff, Carlton Eugene Hooker, Jr., who is proceeding *pro se*, initiated this action on April 22, 2022, by filing a Freedom of Information Act Complaint. Doc. 1. In his Complaint, Plaintiff outlines five FOIA requests he made to the VA on December 17, 19, 20, 23, 2021 and January 4, 2022. *Id.* Plaintiff's Complaint seeks a Court Order instructing the VA to turn over "14 documents totaling 35 pages, 4 surveillance videos and 11 audio recordings." *Id.* at 7. He also requests to be reimbursed for the cost of filing this lawsuit. *Id.*

On July 1, 2022, the VA filed an Answer and Defenses to the FOIA Complaint. Doc. 17. On July 9, 2022, Plaintiff filed a motion seeking the release of records not subject to Exemption 7(A).[1] The Court denied Plaintiff's motion for failing to include a certification of conferral with opposing counsel in compliance with Middle District of Florida Local Rule 3.01(g). Doc. 21. On July 23, 2022, Plaintiff filed a second motion seeking the release of records not subject to FOIA Exemption 7(A). Doc. 22. Plaintiff supplemented his motion with certification that he conferred with counsel for Defendant. Doc. 23. In it, he represents that the VA does not oppose his motion. He attaches a copy of a July 25, 2022 email from the VA's counsel, who states that a

---

[1] Freedom of Information Act Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." *See* https://www.foia.gov/foia-statute.html

production of records is being made on that date rendering the Plaintiff's motion moot. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Second Motion for Court Order Demanding Release of Improperly Withheld Records Not Under FOIA Exemption 7(A) (Doc. 22) is **DENIED as moot**. Per the email from counsel for the VA, the records have been produced.

**DONE AND ORDERED** in Tampa, Florida on July 29, 2022.

*[Signature]*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Carlton Hooker, Jr., *pro se*
Counsel of Record