UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON EUGENE HOOKER, JR.,

    Plaintiff,

v.      Case No: 8:22-cv-956-CEH-MRM

DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Relief from Order at Doc. 24 under Rule 60(b)(3) of the Federal Rules of Civil Procedure. Doc. 27. In the motion, Plaintiff requests relief from the Court's Order denying as moot Plaintiff's motion to compel records. The Government filed a response in opposition. Doc. 29. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Relief from Order at Doc. 24 under Rule 60(b)(3) of the Federal Rules of Civil Procedure.

## DISCUSSION

Plaintiff, Carlton Eugene Hooker, Jr., who is proceeding *pro se*, initiated this action on April 22, 2022, by filing a Freedom of Information Act (FOIA) Complaint under 5 U.S.C. § 552, *et seq*. Doc. 1. In his Complaint, Plaintiff outlines five FOIA requests he made to the Department of Veterans Affairs (VA) on December 17, 19, 20, 23, 2021 and January 4, 2022. *Id*. Plaintiff's Complaint seeks a Court Order instructing

the VA to turn over "14 documents totaling 35 pages, 4 surveillance videos and 11 audio recordings." *Id.* at 7. He also requests to be reimbursed for the cost of filing this lawsuit. *Id.* On July 1, 2022, the VA answered Plaintiff's FOIA Complaint and admitted that Plaintiff made a FOIA request but denied that Plaintiff was entitled to compel the production of the documents as they were properly withheld due to a pending investigation related to Plaintiff's trespass citation. Doc. 17. That investigation is now concluded.

On July 23, 2022, Plaintiff filed a Second Motion for Court Order Demanding Release of Improperly Withheld Records Not Under FOIA Exemption 7(A).[1] Doc. 22. Plaintiff supplemented his second motion to provide a Rule 3.01(g) certification indicating that the VA communicated by email that it was producing the records to Plaintiff rendering his motion moot. Doc. 23-1. Given the updated conferral certification reflecting that the VA was going to produce the requested records, the Court denied the motion as moot. Doc. 24. It is from this order that Plaintiff seeks relief based on "fraud and misrepresentation." Despite acknowledging that he received the requested records from the VA, Plaintiff argues that some of the records have been redacted and he has discovered that there are more than the 14 documents totaling 35 pages.

---

[1] Plaintiff's first motion to compel release of records (Doc. 20) was denied for failing to comply with M.D. Fla. Local Rule 3.01(g). Doc. 21.

The Government responds in opposition arguing that Plaintiff is once again abusing the Rule 60 process by filing baseless motions.[2] Doc. 29. Further, the VA states that all requested documents were produced by the VA on July 25, 2022, and again on August 5, 2022, rendering this action moot. The VA explains that Plaintiff's receipt of unredacted versions of documents in the criminal trespass case is irrelevant here given the different statutory obligations in criminal discovery versus an agency's FOIA requirements.

Motions for reconsideration under Rule 60(b) are appropriate only where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b); *see also Am. Bankers Ins. Co. of Fla. v. Nw. Nat.'l Ins. Co.*, 198 F.3d 1332, 1338 n.4 (11th Cir. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Plaintiff fails to demonstrate any fraud occurred here or to provide any legal basis why the court should reconsider its prior decision. Accordingly, it is

**ORDERED**:

---

[2] The Court notes that Plaintiff has now been labeled a vexatious litigant in this District due to his continued baseless and repeated filings. *See Hooker v. Covington, et el.*, 8:22-cv-1862-TPB-JSS (Aug. 22, 2022 M.D. Fla.).

3

1. Plaintiff's Motion for Relief from Order at Doc. 24 (Doc. 27) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 17, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Carlton Hooker, Jr., *pro se*