UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON EUGENE HOOKER, JR.,

    Plaintiff,

v.                                         Case No: 8:22-cv-956-CEH-MRM

DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant, Department of Veterans Affairs' Motion for Summary Judgment (Doc. 28). In the motion, Defendant requests the Court enter summary judgment in its favor because no genuine issue as to any material fact exists that Plaintiff's Freedom of Information Act (FOIA) claim is moot, and that the Department of Veterans Affairs is entitled to judgment as a matter of law. Plaintiff, Carlton Eugene Hooker, Jr., has failed to file a response in opposition, despite being ordered to do so. *See* Doc. 32. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion for Summary Judgment.

**I.    BACKGROUND[1]**

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including any declarations and exhibits. For purposes of summary judgment, the Court presents the facts in the light most favorable to the non-moving party as required by Fed. R. Civ. P. 56.

On April 22, 2022, Plaintiff Carlton Hooker, Jr., proceeding *pro se*, filed a Freedom of Information Act ("FOIA") Complaint against Defendant, Department of Veterans Affairs ("VA").[2] Doc. 1. In his FOIA Complaint, filed pursuant to 5 U.S.C. § 552, Hooker seeks copies of documents he alleges were requested on the following dates from Bay Pines VA Healthcare System: December 17, 2021; December 20, 2021; December 23, 2021; and January 4, 2022. *Id.* ¶¶ 6–10. His requests sought documents, videos, and recordings related to Hooker's visit to the emergency room at Bay Pines VA Hospital and resulting arrest. Hooker alleges that on January 13, 2022, the VA refused to turn over the requested 14 documents totaling 35 pages, 4 surveillance videos, and 11 audio recordings that were responsive to his requests on the basis that the information requested was purportedly part of an ongoing investigation. Doc. 1-1. On January 14, 2022, Hooker appealed the denial of his request, which he claims the VA acknowledged receiving, but never timely responded. Doc. 1-2. This lawsuit followed.

During the course of the litigation, Hooker filed multiple motions seeking to compel the production of the requested materials. Docs. 20, 22, 25. The motions were

---

[2] Hooker has a long history of suing the VA which culminated in an order declaring Hooker a vexatious litigant and enjoining him from filing any further action in this Court without a member in good standing with the Florida Bar signing the submission. *See* Doc. 3, in *Hooker v. Covington, et al.,* No. 8:22-cv-1862-TPB-JSS (M.D. Fla. Aug. 22, 2022) (identifying approximately 30 cases filed by Hooker in the Middle District of Florida centering on his combative relationship with the Department of Veterans Affairs and his ban from the Bay Pines VA Hospital). The instant matter was initiated prior to the entry of the vexatious litigant order. As such, the Court expected, and so ordered, Hooker to respond, either *pro so* or through counsel, to the VA's dispositive motion. Doc. 32. Hooker failed to respond.

2

denied. Docs. 21, 24, 26. In sum, the VA had produced the records sought by Plaintiff. *See* Docs. 23, 24. Plaintiff acknowledged receipt of the records. Doc. 27.

On August 22, 2022, the VA moved for summary judgment as to Hooker's FOIA claim. Doc. 28. In support of its motion, the VA attaches the declaration of Christian F. Elkington, Jr., an attorney with the Information and Administrative Law Group (IALG) within the Office of General Counsel for the Department of Veterans Affairs. Doc. 28-2. Additionally, the VA attaches copies of letters evidencing that the requested materials were sent to Hooker. Doc. 28-1.

By way of background, the VA explains that Hooker was named as a defendant in *United States v. Hooker*, Case No. 8:22-mj-1206-CPT (M.D. Fla.), which concerned a misdemeanor trespass citation issued to Hooker due to his violation of the "no engagement" order. The citation arises out of Hooker seeking medical care at Bay Pines VA on December 17, 2021, even though he was aware that he is not permitted on the premises. The citation was issued outside of the Bay Pines Emergency Room following Hooker's medical treatment.

Following the incident and on the same day, Hooker made a FOIA request for copies of the investigative reports prepared by the VA police related to the trespass citation, as well as video footage of the arrest. On December 19, 2021, Hooker requested additional information, including video surveillance, radio dispatch transmissions, and witness statements. On December 20, 2021, Hooker requested all recorded conversations between Hooker and "the rude VA Police Dispatchers who refused to let [him] speak to [a] VA Police Lieutenant." On December 23, 2021,

3

Hooker requested the VA Police Daily Operations Journal for December 17, 2021 and the VA Police Morning Report for December 18, 2021. On January 4, 2022, Plaintiff requested a copy of all email correspondence between Hooker and the Director of the Bay Pines VA Medical Center on the dates of December 17 and 18, 2021; all body camera footage related to the issuance of the December 17, 2021, citation for trespassing; and any policies on the use of body cameras.

On January 13, 2022, the VA Sunshine Healthcare Network issued an agency decision in response to Hooker's requests for information. The decision indicated that 35 pages of documents, 4 surveillance videos, and 11 audio recordings were identified as being responsive to Hooker's request after a reasonable search had been conducted. Doc. 28-2. All records were withheld from disclosure in full because the VA Sunshine Healthcare Network determined that Exemption 7(A) was applicable and that disclosure of the records "could reasonably be expected to interfere with enforcement proceedings," *see* 5 U.S.C. § 552(b)(7)(A), related to the criminal misdemeanor charges stemming from the Bay Pines trespassing incident which is the subject of Case No. 22-mj-1206-CPT.

The criminal trespass case was terminated April 19, 2022. *See* Doc. 13, in *U.S. v. Hooker*, Case No. 22-mj-1206-CPT (M.D. Fla. Apr. 19, 2022). After dismissal of the trespass citation, the VA produced to Hooker the documents, videos, and audio recordings that were responsive to his FOIA requests. Docs. 28-1, 28-2.

## II. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 858 (11th Cir. 2006).

## III.  DISCUSSION

The Department of Veterans Affairs ("VA") moves for summary judgment in its favor because once Plaintiff's criminal trespass citation was dismissed, the VA produced the requested documents, thereby mooting the Plaintiff's FOIA claims. Plaintiff has not responded to the VA's motion despite being directed to do so. Doc. 32. Although the instant motion for summary judgment is unopposed, the Court is obligated to ascertain whether the VA is entitled to judgment on the merits. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla*., 363 F.3d 1099, 1101 (11th Cir. 2004) (holding that "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion").

Review of the record and the declaration the VA has filed in support of its motion demonstrates that the requested materials were produced to Hooker after the criminal trespass action had concluded and Exemption 7(A) was no longer applicable. Docs. 28-1, 28-2. As a preliminary matter, the Court observes that the initial withholding of the records pursuant to 5 U.S.C. § 552(b)(7)(A) was proper. In pertinent part, Exemption 7(A) provides that the following is exempt from public disclosure: "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings . . . ." The matters sought by Hooker in his FOIA Complaint were directly related to the charges he was facing in Case No. 22-mj-01206-CPT pertaining to the December 2021 criminal

6

trespass incident at Bay Pines. Thus, the documents were exempt from disclosure during the pendency of that proceeding. In support of its motion, the VA argues that the FOIA was never designed to be used by a defendant to obtain premature access to criminal discovery. Doc. 28 at 13–14 (citing *Gould, Inc. v. Gen. Svcs. Admin.*, 688 F. Supp. 689, 705 (D.D.C. 1988) (quoting *Fedders Corp. v. Fed. Trade Comm'n*, 494 F. Supp. 325 (S.D.N.Y. 1980) ("A major purpose behind exemption 7(A) is to prevent a litigant from utilizing the FOIA to obtain premature access to the evidence and strategy to be used by the Government in the pending law enforcement proceeding.")). Once the criminal matter was concluded, however, production of the information was warranted as such production would not be expected to interfere with enforcement proceedings and Exemption 7(A) would no longer apply. The criminal case against Hooker concluded on April 19, 2022.

Deputy Chief of Counsel Christian Elkington, Jr., who was the attorney within the Office of General Counsel for the VA who was responsible at that time for processing FOIA requests, contacted Bay Pines VA Medical Center's FOIA Office on June 23, 2022, regarding information sought by Hooker's FOIA request. Doc. 28-2. Attorney Elkington requested copies of the 35 pages of documents, 4 surveillance videos, and 11 audio recordings as referenced in Plaintiff's Complaint, and the information was provided to Elkington on that date. *Id.* After reviewing the information identified as responsive to Hooker's request, Elkington turned the information over to the United States Attorney's Office. *Id.* The requested information was then produced in two batches to Hooker on July 25 and August 5, 2022. Doc. 28-

7

1. The information provided to Hooker was redacted under Exemption 6, which exempts from disclosure personnel and medical files, to protect privacy interests. Doc. 28 at 7; *see* 5 U.S.C. § 552(b)(6) (public disclosure requirements do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy").

"If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought." *Von Grabe v. U.S. Dep't of Homeland Sec.*, 440 F. App'x 687, 688 (11th Cir. 2011) (citing *Lovell v. Alderete*, 630 F.2d 428, 430–31 (5th Cir. 1980)). Because the VA has provided all the requested information to Hooker pursuant to his FOIA request, his FOIA claim is moot.[3]

"FOIA cases appropriately may be decided on motions for summary judgment." *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In order to prevail on an FOIA motion for summary judgment, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Cent. Intel. Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978) (citation omitted). Courts may rely upon affidavits in determining whether an agency

---

[3] A claim's mootness, however, "does not automatically preclude an award" of damages or attorney's fees, which requires the satisfaction of certain specific requirements. *Von Grabe*, 440 F. App'x at 688 (citing *Lovell*, 630 F.2d at 431). The FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).

has met this burden of proof. *Id.* Upon review of the uncontradicted declaration submitted by the VA, the VA has satisfied its burden of proof that the requested documents were appropriately withheld during the pendency of the criminal trespass proceeding and that the documents were thereafter produced once Exemption 7(A) was no longer applicable. Hooker has not responded nor provided any evidence to the contrary. As no genuine issues of material fact exist, the VA is entitled to summary judgment in its favor. It is hereby

**ORDERED AND ADJUDGED**:

1. Defendant's Motion for Summary Judgment (Doc. 28) is **GRANTED**.

2. The Clerk is directed to enter Judgement in favor of the Defendant Department of Veterans Affairs and close this case.

**DONE AND ORDERED** in Tampa, Florida on February 10, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties